**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LENARD ALFRED SMOCK, JR.,** | ) | |
| # B-89585, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 15-cv-625-JPG** |
| | ) | |
| **VETERAN'S ADMINISTRATION** | ) | |
| **MEDICAL CENTER,** | ) | |
| **DONALD HUTSON,** | ) | |
| **S.A. GODINEZ,** | ) | |
| **D. STOLWORTHY,** | ) | |
| **ZACHARY ROECKEMAN,** | ) | |
| **DENNIS LARSON,** | ) | |
| **C/O CASTEEL,** | ) | |
| **and UNKNOWN PARTIES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He also raises a claim that Defendants violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* This matter is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff is a veteran, and suffers from a degenerative disc disorder in his spinal column, has degenerative joint disease in his lower back and limbs, and has had major reconstructive surgeries which included the placement of metal hardware in both lower legs.   He claims that Defendants have confiscated and/or refused to return his physician-prescribed orthopedic boots which he needs because of these health conditions, and which he has used for 15 years (Doc. 1,

pp. 5, 23).

According to the complaint, Plaintiff was transferred to the custody of the Illinois Department of Corrections ("IDOC") on September 3, 2014.  Upon his arrival at Menard Correctional Center ("Menard"), Defendant Casteel made him surrender his orthopedic boots. Two weeks later, he was transferred to BMRCC without the boots.

Plaintiff requested medical staff at both prisons to replace the boots, noting in a request dated September 18, 2014, that the Marion Veteran's Administration Medical Center ("VAMC") could verify his serious medical need for this footwear.  His request was returned unanswered.

On September 22, 2014, Plaintiff sent an emergency/ADA grievance to Defendant Roeckeman (Warden of BMRCC), seeking replacement boots and reassignment to a lower bunk (Doc. 1, pp. 22-23).[1]  Defendant Roeckeman did not respond, but Plaintiff met with Defendant Dr. Larson on September 25 regarding his medical needs.  Defendant Larson "attempted to rediagnose" Plaintiff.  Plaintiff told him that no new diagnosis was required, because his serious medical needs were documented in his records at the Marion VAMC.

Over the next several months, prison officials sought copies of Plaintiff's VAMC medical records.  Defendant Larson was tardy with the required paperwork.  In late October 2014, Plaintiff submitted a complaint to the IDOC's ADA Compliance Officer, and filed a new grievance over the deprivation of his prescribed boots (Doc. 1, p. 8).  Plaintiff complains that Defendant Hutson (Director of the Marion VAMC), and unknown records clerks working under him, refused to provide the requested medical records (Doc. 1, p. 10).

On April 3, 2015, Plaintiff learned during an appointment with Defendant Larson that his VA medical records had been received.  On April 30, Plaintiff learned that Defendant Larson had

---

[1] Plaintiff was ultimately assigned to a low bunk on September 27, 2014 (Doc. 1, p. 7).  He does not appear to be asserting any claims herein based on this matter.

changed his diagnosis, resulting in the denial of Plaintiff's request for orthopedic boots. This action was approved by the Defendant Unknown Medical Director at BMRCC.

As a result of the deprivation of his prescribed orthopedic boots, Plaintiff has had to wear state-issued canvas deck shoes, which cause him to experience constant pain in his back and legs (Doc. 1, pp. 10-11). He also suffers from a number of mental health conditions, including post-traumatic stress syndrome and major depressive disorder, which have been exacerbated by his physical distress resulting from Defendants' actions.

Further, Plaintiff asserts that his physical disorders bring him within the protection of the ADA. The Defendants' refusal to provide him with orthopedic boots has excluded him from participating in recreation, such as outside yard and gym made available to other inmates (Doc. 1, pp. 11-12). His inability to exercise has also caused him to gain weight and placed him at further risk to his health. In addition, he raises an equal protection claim, noting that Defendants have provided other similarly situated inmates with orthopedic footwear and other adaptive devices for their serious medical needs while denying his request.

As relief, Plaintiff seeks an injunction directing Defendant Larson to immediately order his orthopedic boots. He also requests compensatory damages.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendants Casteel, Larson, Roeckeman, the Unknown Party Medical Director (BMRCC), Godinez, and Stolworthy, for depriving Plaintiff of his orthopedic boots which are necessary to meet his serious medical needs;

> **Count 2:** Claim against Defendants Larson, Godinez, and Stolworthy for violation of the Americans with Disabilities Act and/or Rehabilitation Act, in that Plaintiff is and has been excluded from participation in recreation and exercise opportunities due to the deprivation of his orthopedic boots;

> **Count 3:** Fourteenth Amendment equal protection claim against Defendants Larson, Roeckeman, and the Unknown Party Medical Director (BMRCC), for denying Plaintiff orthopedic boots when other similarly situated inmates have been provided with such equipment;

> **Count 4:** Claim against Defendants Veteran's Administration Medical Center, Hutson, and Unknown Party Records Clerk(s) at Marion VAMC, for refusing or failing to promptly provide Plaintiff's medical records to officials at BMRCC.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action in Counts 1 and 2 against some of the Defendants. These claims shall proceed for further review. However, Counts 3 and 4 fail to state a claim upon which relief may be granted, and shall be dismissed from the action.

## Count 1 – Deliberate Indifference to Serious Medical Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). However, the

Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.  *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

In Plaintiff's case, he alleges that he has serious back and leg impairments, which have caused him to suffer severe pain from engaging in normal daily activities without his prescribed orthopedic boots.  The complaint indicates that Plaintiff made the prison doctor, Defendant Larson, aware of his medical condition and need for his special footwear, yet Defendant Larson denied Plaintiff's request that he be provided with the orthopedic boots, apparently on the basis of his "changed" diagnosis of Plaintiff's condition.  Further factual development will be necessary in order for a determination to be made as to whether this denial amounted to unconstitutional deliberate indifference, or instead was malpractice, negligence, or even a reasonable medical judgment by Defendant Larson (none of which would violate the Constitution).  At this stage, Plaintiff may proceed with his deliberate indifference claim against Defendant Larson.  Because the Unknown Party Medical Director at BMRCC also denied Plaintiff's request for orthopedic boots, the claim may go forward against him as well at this time.

Defendant Warden Roeckeman received Plaintiff's emergency grievance over the deprivation of his boots, and according to Plaintiff, never responded.  However, a counselor responded to the grievance, noting that Plaintiff's medical records had been requested from the VAMC (Doc. 1, p. 9).  Following Plaintiff's submission of the emergency grievance, he had a

medical appointment with Defendant Larson, got his low bunk permit, and steps were taken to obtain his VAMC medical records.  Plaintiff does not claim that he made any follow-up requests or complaints to Defendant Roeckeman regarding this medical issue.  If a prisoner is under the care of prison medical professionals, a non-medical prison official such as Defendant Roeckeman "will generally be justified in believing that the prisoner is in capable hands."  *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).  "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service."  *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).  The facts recited in the complaint do not support a claim against Defendant Roeckeman to hold him personally liable for failing to provide Plaintiff with orthopedic boots.  However, the warden shall remain as a Defendant with respect to Count 1 in his official capacity only, because Plaintiff has requested injunctive relief on this medical deliberate indifference claim.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

Defendant Casteel was the official who confiscated Plaintiff's orthopedic boots in the first place.  However, the complaint does not contain any allegations to indicate that Plaintiff informed Defendant Casteel about his serious medical condition or his need for the boots.  To the contrary, the pleading suggests that Defendant Casteel was acting according to standard procedure for receiving new IDOC inmates.  The facts outlined by Plaintiff simply do not support a claim that Defendant Casteel was deliberately indifferent to a known serious medical need when he told Plaintiff to surrender the boots.  Defendant Casteel shall thus be dismissed from the action without prejudice.

Finally, the only involvement Plaintiff alleges on the part of Defendants Godinez and Stolworthy was that one or both of them would have eventually reviewed Plaintiff's appeal of his emergency grievance over the deprivation of his orthopedic boots (Doc. 1, p. 8).  However, a defendant's role in responding to prisoner grievances does not constitute "personal involvement" in the constitutional deprivation that gave rise to the grievance.  *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).  In order to be held individually liable, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Id.* (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  By the same token, the alleged mishandling or denial of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).  For these reasons, Plaintiff has failed to state a deliberate indifference claim upon which relief may be granted against Defendants Godinez or Stolworthy in Count 1.

To summarize, the deliberate indifference claims in **Count 1** shall proceed against Defendants Larson and the Unknown Party Medical Director at BMRCC in their personal and official capacities, and against Defendant Roeckeman in his official capacity only.

## Count 2 – Americans with Disabilities Act/Rehabilitation Act

As an initial matter, the Court notes that even though Plaintiff did not invoke the Rehabilitation Act ("RA"), 29 U.S.C. § 794, in his complaint, the Seventh Circuit has cautioned that claims of discrimination on account of a disability, especially those from *pro se* prisoner litigants, must be analyzed in light of both the ADA and the RA, whether or not the plaintiff has asserted a claim under the latter statute.  *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012).

In order to make out a prima facie case of discrimination under both the ADA and the Rehabilitation Act, a plaintiff must show:  (1) that he suffers from a disability

> as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability.  *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005).  The Rehabilitation Act further requires that a plaintiff show that the program in which he was involved received federal financial assistance.  *Id.* at 810 n.2; *see also* 29 U.S.C. § 794(a).

*Novak v. Bd. of Trustees of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015).  The ADA applies to state prisons, *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998), and all such institutions receive federal funds.  *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012).

Plaintiff asserts that he is "disabled according to the ADA guidelines" because he "suffers from a physiological disorder which affects his musculoskeletal system" (Doc. 1, p. 11). Based on his physical condition, Plaintiff is arguably a qualified disabled person for ADA and RA purposes.  42 U.S.C. § 12102(1); 29 U.S.C. § 794.   He, like any other prison inmate, is qualified to participate in the recreational and exercise facilities (such as the yard and gym) offered by the prison where he is housed.  He alleges that he is being excluded from participating in recreational/exercise programs, and is denied the benefits of these programs, because of his disability and because of the Defendants' failure to accommodate his disability.  At this stage, he has stated a cognizable claim for relief under both the ADA and the RA, and **Count 2** may proceed for further consideration.

Although Plaintiff has named a number of officials as Defendants in this action, the only proper defendant in a claim under the ADA or RA is the state agency (or a state official acting in his or her official capacity).  "[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA.  *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131." *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012).  **Count 2** shall therefore

proceed only against Defendant Godinez and/or Defendant Stolworthy,[2] in the official capacity as Director of the IDOC.  This claim is dismissed as against all other named Defendants.

**Dismissal of Count 3 – Equal Protection**

Plaintiff asserts an equal protection claim on the basis that other "similarly situated" inmates at BMRCC who have "serious medical needs" have been provided with wheelchairs, canes, orthopedic footwear and the like, yet Plaintiff has been denied his orthopedic boots.

The most common type of equal protection claim is grounded in the "invidious classification" of a group of persons by race, national origin, gender, disability, or some other protected characteristic, and involves an allegation that "a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group."  *Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).  But here, Plaintiff does not claim that he was denied equal protection *because* he was a member of a group of inmates with disabilities or medical problems.  Instead, he states he was treated differently than other members of that group, some of whom received medical devices when he did not.

Plaintiff's equal protection claim falls into the category of a "class-of-one" claim, which alleges a violation of the Equal Protection Clause where a person has been singled out for different treatment for no rational reason.  "To state a class-of-one equal protection claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Swanson v. City of Chetek*,

---

[2] Plaintiff has included both Defendants Godinez and Stolworthy among the parties, identifying them both as Director of the IDOC.  Only the current IDOC Director is a necessary party for the adjudication of the claims in Count 3.  The proper substitution of party may be made once the current director is identified. See FED. R. CIV. P. 17(d).

719 F.3d 780, 783-84 (7th Cir. 2013) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, (2000)).

> The classic class-of-one claim is illustrated when a public official, "with no conceivable basis for his action other than spite or some other improper motive ... comes down hard on a hapless private citizen." *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005). This improper motive is usually covert, so courts first look to eliminate all proper motives.  If there was no rational basis for the treatment of the plaintiff, then the motives must be irrational and improper.  *See Vill. of Willowbrook*, 528 U.S. at 564-65, 120 S. Ct. 1073. To achieve clarity, courts look to the treatment of similarly situated individuals:  if all principal characteristics of the two individuals are the same, and one received more favorable treatment, this may show there was no proper motivation for the disparate treatment.  *See Geinosky v. City of Chicago,* 675 F.3d 743, 748 (7th Cir. 2012).

*Swanson*, 719 F.3d at 783-84.

The complaint herein fails to state a cognizable class-of-one claim.  First, Plaintiff does not allege that the other inmates who received medical devices had the same characteristics as he with regard to their specific medical problems.  Plaintiff's diagnosis is not necessarily the same as the diagnoses of other inmates who were given orthopedic footwear, wheelchairs, or other equipment.  Secondly, the complaint contains nothing to suggest that Plaintiff's special boots were denied on account of animus or improper motive on the part of any Defendant.  Accordingly, the equal protection claim in **Count 3** shall be dismissed without prejudice.

**Dismissal of Count 4 – Denial/Delay of Medical Records**

Plaintiff names the Veteran's Administration Medical Center, its Director Donald Hutson, and the Unknown Party VAMC Medical Records Clerk(s) as Defendants.  His only allegations against them are that these parties denied, failed to respond, and/or delayed their response to the requests for Plaintiff's medical records to be sent to BMRCC (Doc. 1, pp. 9, 10). While the delay in providing the records amounted to approximately six months, that alone does not suggest any violation of Plaintiff's constitutional rights.  Plaintiff does not articulate any

theory of liability for these Defendants' action (or inaction), other than the claim that they were deliberately indifferent to his serious medical needs.  The complaint does not indicate that the individual Defendants (Hutson and the Unknown Records Clerk(s)) had any knowledge that their failure to provide medical records would expose Plaintiff to any serious risk of harm, thus a deliberate indifference claim must fail.

An institution such as the Marion VAMC is not a "person" that is amenable to suit in a civil rights matter.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agencies are not "persons" under § 1983).  And in fact, the Marion VAMC is not even a state agency, but is an institution administered by the federal government, which also is not a proper Defendant in a civil rights suit.  *See FDIC v. Meyer*, 510 U.S. 471, 483-86 (1994); *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).   Similarly, Defendant Hutson and any other employees at the VAMC would be federal employees, not state actors.

For these reasons, **Count 4** shall be dismissed for failure to state a claim upon which relief may be granted, as will the associated Defendants.

## Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**.  Service shall be ordered below for those Defendants who remain in the action.  The dismissed Defendants shall not be served.

## Disposition

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  **COUNT 4** is **DISMISSED** with prejudice for failure to state a claim

upon which relief may be granted.    Defendants **HUTSON, CASTEEL,** and **UNKNOWN PARTY RECORDS CLERK at MARION VAMC** are **DISMISSED** from this action without prejudice.    Defendant **VETERAN'S ADMINISTRATION MEDICAL CENTER** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **GODINEZ, STOLWORTHY, ROECKEMAN,** and **LARSON**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Defendant Unknown Medical Director at BMRCC until such time as Plaintiff has identified this person by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 7, 2015**

_s/J. Phil Gilbert_
United States District Judge