IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD ALFRED SMOCK, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-625-NJR-DGW |
| | ) |
| ZACHARY ROECKEMAN and | ) |
| JOHN R. BALDWIN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Leonard Smock filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act in June 2015, when he was an inmate in the custody of the Illinois Department of Corrections ("IDOC"). Defendants served Plaintiff with discovery requests related to the exhaustion of his administrative remedies on June 16, 2016 (Docs. 54-1 and 54-2). Plaintiff's deadline for responding was July 19, 2016 (*see* Doc. 54). FED. R. CIV. P. 33, 34. A month and a half after the deadline had passed, Plaintiff still had not responded to the discovery requests, so Defendants filed a motion to compel (Doc. 54). Magistrate Judge Donald Wilkerson granted the motion to compel and ordered Plaintiff to respond to the discovery requests by September 26, 2016 (Doc. 58). Magistrate Judge Wilkerson also warned Plaintiff that he may be subject to sanctions, including the dismissal of his case, if he failed to comply with the Court's Order (Doc. 58). Once again, this deadline passed without a response from Plaintiff. Because of Plaintiff's failure to respond to their discovery requests, Defendants have asked the Court to sanction Plaintiff by dismissing this

case (Doc. 62). Plaintiff did not filed a response to the motion or otherwise oppose the request to dismiss this case.

In addition to missing the original discovery deadline and the extended deadline set by the Court, it is also worth noting that Plaintiff missed the deadline set by the Court for identifying an unnamed Defendant (*see* Doc. 50, 60, 63). On each of these occasions where Plaintiff failed to respond to a deadline, a Court Order, or a motion from Defendants, Plaintiff made no effort to contact the Court about problems he was having or to request an extension of time, even though he was informed that he could do so (Doc. 57). In fact, at this point, the Court has not heard from Plaintiff in any capacity for over five months.

The Court is mindful of the difficulties prisoners face in proceeding *pro se*, as well as the additional obstacles Plaintiff faced when he was paroled from prison (*see* Doc. 52). Those difficulties, however, do not excuse Plaintiff from complying with deadlines, following the direct Orders of the Court, or maintaining basic communication with the Court. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break . . . ." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005).

For these reasons, the Court is convinced that dismissal is an appropriate action. Defendants' motion for sanctions (Doc. 62) is **GRANTED.** This action is **DISMISSED with prejudice** pursuant to Federal Rules of Civil Procedure 37(b) and (d) and 41(b) for failure to respond to discovery requests, failure to comply with an Order of the Court, and failure to prosecute. The Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh

Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4),

(a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement from his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:   December 1, 2016**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**